# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT BARROS**, | : CIVIL ACTION NO. 1:09-CV-2554 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **CLAIRE YOUNG, AUDREY SCHAEFER**, and **DOES 1-15**, | : |
| Defendants | : |

## ORDER

AND NOW, this 30th day of June, 2010, upon consideration of the amended motion (Doc. 30) for leave to file amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which was filed by plaintiff Vincent Barros ("Barros") on May 18, 2010, and of the motion (Doc. 29) to dismiss defendant Audrey Schaefer with prejudice pursuant to Federal Rule of Civil Procedure 41, filed jointly by Barros and defendant Audrey Schaefer ("Schaefer"), and it appearing that Barros' proposed amended complaint (Doc. 30, Ex. A) withdraws all claims against Schaefer, withdraws Count Two of the original complaint (Doc. 1), and adds various factual allegations and levies additional tort claims against defendant Claire Young ("Young") based upon information learned via discovery, (see Doc. 30), and recognizing that "[t]he court should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), and that in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or]

futility of amendment," leave to amend should be freely given, Foman v. Davis, 371 U.S. 178, 182 (1962), and concluding that the proposed amendments appear in good faith to refine the complaint and are not facially futile, see In re Merck & Co., Inc. Sec., Derivative & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007) (explaining that "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted" (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997))), and that dismissal of defendant Schaefer will not unfairly prejudice defendant Young,[1] and observing that Young filed a motion (Doc. 10) to dismiss the original complaint (Doc. 1) on January 25, 2010, and that

---

[1] Young opposes the joint motion (Doc. 29) to dismiss Schaefer and claims that under Barros' theory of liability, Young and Schaefer are joint tortfeasors. (See Doc. 37.) According to Young, Barros was expelled from Dickinson College because both Young and Schaefer accused him of sexual assault. Thus, Young argues that Barros' injury was equally caused by the accusations of both defendants. Under Pennsylvania law, two individuals are joint tortfeasors if their conduct "causes a single harm which cannot be apportioned . . . even though [the actors] may have acted independently." Rabatin v. Columbus Lines, Inc., 790 F.2d 22, 24 (3d Cir. 1986) (citing and explaining the Uniform Contribution Among Tortfeasors Act). In addition, "Pennsylvania . . . embraces the tort concept of 'substantial factor' causation for joint tortfeasors—i.e., that joint tortfeasors may act independently and concurrently to create an enhanced injury." United States v. Sunoco, Inc., 501 F. Supp. 2d 656, 661 (E.D. Pa. 2007). The difficulty for Young, however, is that Barros' proposed amended complaint withdraws all allegations and claims against Schaefer. (See Doc. 30, Ex. A.) Moreover, Young has not asserted a cross claim against Schaefer, nor does dismissal affect Young's ability to seek indemnification or contribution. Barros is free to contend that Young alone caused the injuries related to his expulsion and Young is free to implead Schaeffer to the extent she can state a claim for joint liability. However, Young has no right to demand that Barros prosecute his lawsuit against Schaefer and, to the extent Barros and Schaefer have resolved their dispute, the court will permit Barros to relinquish his claims against Schaefer. See Protocomm Corp. v. Novell Advanced Servs., 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001) ("Where a plaintiff moves for voluntary dismissal *with prejudice* it has been held that the district court must grant the request." (internal quotations omitted)).

Barros filed motions (Docs. 15, 16) to strike Young's motion (Doc. 10) to dismiss on February 8, 2010 and February 9, 2010, and noting that an "amended complaint supersedes the original version," Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002); see also 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476, at 556 (2d ed. 1990), it is hereby ORDERED that:

1. The motion (Doc. 30) for leave to file amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) is GRANTED. See FED. R. CIV. P. 15(a)(2). The Clerk of Court is instructed to DOCKET Barros' proposed amended complaint, which appears as Exhibit A to Doc. 30, as a properly filed amended complaint.[2]

2. The joint motion (Doc. 29) to dismiss defendant Audrey Schaefer with prejudice is GRANTED. See FED. R. CIV. P. 41(a)(2). Defendant Audrey Schaefer is TERMINATED as a party to the above-captioned litigation.

3. The motion (Doc. 10) to dismiss the complaint, and the motions (Docs. 15, 16) to strike the motion (Doc. 10) to dismiss, are DENIED as moot. See Snyder, 303 F.3d at 276.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] On April 23, 2010, Barros also filed a motion (Doc. 25) for leave to file an amended complaint. In light of the instant order, this motion (Doc. 25) is denied as moot.